UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER WATKINS,

      Petitioner,

      v.

DEBRA SCUTT,

      Respondent.[1]
_____/

CASE NO. 5:09-CV-11285
JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE PAUL J. KOMIVES

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus. The Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural History*

1.    Petitioner Sylvester Watkins is a state prisoner, currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan.

2.    On August 6, 2007, petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, pursuant to his plea of *nolo contendere* in the Wayne County Circuit Court. On September 5, 2007, he was sentenced to a term of 9-15 years' imprisonment.

3.    Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claim:

MR. WATKINS ASSERTS HIS RIGHT TO WITHDRAW HIS PLEA WHEN HE

---

[1] By Order entered this date, Debra Scutt has been substituted in place of Mary Berghuis as the proper respondent in this action.

HAD RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL. HE FURTHER MAINTAINS THAT HIS SENTENCE WAS INVALID AND THE PRESENTENCE REPORT WAS INACCURATE.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *People v. Watkins*, No. 284477 (Mich. Ct. App. May 8, 2008).

    4.    Petitioner sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Watkins*, 482 Mich. 977, 754 N.W.2d 886 (2008).

    5.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on April 7, 2009. As grounds for the writ of habeas corpus, he raises the claim that he raised in the state courts.

    6.    Respondent filed her answer on December 10, 2009. She contends that petitioner's claims are without merit.

    7.    Petitioner filed a reply to respondent's answer on January 6, 2010.

B.    *Factual Background Underlying Petitioner's Conviction*

Petitioner was originally charged with three counts of armed robbery, and two firearms offenses, stemming from multiple robberies. The parties entered a plea agreement whereby petitioner agreed to plead guilty to one count of armed robbery, in exchange for the prosecutor's agreement to dismiss the remaining charges against petitioner and to withdraw an habitual offender enhancement notice. *See* Plea Tr., at 3-4. The parties agreed on a sentence of 9-15 years' imprisonment. The court explained to petitioner the terms of the agreement, as well as the fact that the armed robbery charge to which he was pleading *nolo contendere* carried a potential term of life imprisonment. *See id.* at 4-5. Petitioner indicated that it was his desire to accept that agreement,

2

and that he was offering his plea freely and voluntarily. *See id.* at 5. Petitioner also indicated that he understood that a no contest plea carried the same result as a plea of guilty. *See id.* After it was clarified to petitioner that his sentence would be 9-15 years' imprisonment, petitioner indicated that no other promises had been made to induce his plea. *See id.* at 6. The court explained to petitioner the rights he was waiving by pleading *nolo contendere*, and petitioner indicated that he understood his rights. *See id.* at 7. The prosecutor then set forth the factual basis for the plea:

> Back on January 2nd of 2007, at approximately 10:30 p.m., Mr. Watkins and Mr. Darren Parks went to an address at 7650 Appoline, in the City of Dearborn, Wayne County, Michigan.
> While at that address, the two men approached a Nina Salameh, S-a-l-a-m-e-h.
> Mr. Watkins assaulted Ms. Salameh by grabbing her. He took property from her, which consisted of a purse, and U.S. currency.
> At the time Mr. Watkins assaulted Ms. Salameh, Mr. Parks was armed with a .380 caliber handgun.

*Id.* at 7-8. Defense counsel indicated that she had no objection to the facts as stated by the prosecutor, and that the prosecutor's recitation was "an accurate stipulation, for purposes of this plea." *Id.* at 8. The Court therefore accepted petitioner's plea.

C.   *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the

4

Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.   *Validity of Plea/Ineffective Assistance*

   1.   *Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea. *See Brady*, 397 U.S. at 755; *King*, 17

5

F.3d at 153. A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]" *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence--because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.

*Id*. at 508 (footnotes omitted).

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists

that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also*, *O'Hara*, 24 F.3d at 828. However, with respect to the prejudice prong it is not enough for petitioner to merely allege that he would have insisted on going to trial had counsel properly advised him. As other judges of this Court have explained:

> In the guilty plea context the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Furthermore, this determination depends in large part on a prediction of what the outcome of a trial might have been. *Id*. at 58-60, 106 S.Ct. 366; *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir.1994). In other words, the petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him. A petitioner's conclusory allegation that, but for an alleged attorney act or omission, he would not have pleaded guilty is not enough to prove such a

7

>claim. Petitioner must show that there is a reasonable probability that the result of the proceeding would have been different. It is not sufficient to show that, but for counsel's alleged errors he would have been convicted after a trial instead of after entering a guilty plea.

*Garrison v. Elo*, 156 F. Supp 2d 815, 829 (E.D. Mich. 2001) (O'Meara, J.); *see also*, *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002) (Friedman, J.) (same); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) (Hood, J.) ("If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.").

2. *Analysis*

Petitioner does not contend that he was coerced into pleading guilty or that the decision was not his own, nor could he given that he stated at the plea hearing that he had not been threatened or coerced into pleading guilty. *See Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Likewise, petitioner does not contend, nor could he, that he did not receive sufficient explanation of various things required to make his plea voluntary. The Supreme Court cases discussing the validity of guilty pleas under the Due Process Clause establish three things of which a defendant must be informed before a guilty plea is knowing and voluntary: (1) the actual charge against the defendant, *see Bousley v. United States*, 523 U.S. 614, 618 (1998); (2) the direct consequences of the plea, *see Mabry*, 467 U.S. at 509; and (3) the rights that the defendant is waiving by pleading guilty, *see Henderson*, 426 U.S. at 645 n.13. The plea transcript clearly reflects that the trial court adequately informed petitioner of the charges against him, the consequences of his plea, and the rights he was waiving by pleading no contest.

Rather, petitioner contends that his plea was involuntary because counsel performed deficiently by failing to investigate the case and contact witnesses in his defense. Had counsel done so, petitioner argues, he could have established an alibi with respect to the two armed robbery counts which were dismissed, involving allegations that he had robbed Ishmael and Sawsam Rammal in the driveway outside their home shortly after the robbery of Salameh. In an affidavit attached to his state court application for leave to appeal, petitioner avers that he gave to counsel the name and contact number of his employer and his son's cousin, Jermaine Henry, who he claims could have confirmed his whereabouts on the day of the crimes charged in the criminal complaint. However, petitioner has presented no evidence from these witnesses indicating that they were willing to testify on petitioner's behalf or demonstrating what their testimony at trial would have been. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same). Thus, "a petition for habeas corpus relief based on counsel's failure to call witnesses must present this evidence in the form of the actual testimony by the witness or affidavits." *United States ex rel. Townsend v. Young*, No. 01 C 0800, 2001 WL 910387, at *5 (N.D. Ill. Aug. 8, 2001) (citing *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991)); *see also*, *Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007); *Dows v. Woods*, 211 F.3d 480, 486 (9th Cir. 2000). Here, the record contains no testimony, affidavit, or other offer of proof establishing the identity, willingness to testify, and purported testimony of petitioner's missing witnesses. In these circumstances, petitioner has failed to carry his burden of establishing prejudice. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Dell v. Straub*, 194 F. Supp. 2d 629, 650-51 (E.D. Mich. 2002) (Friedman, J.).

Further, the record belies petitioner's claim that he had a strong alibi defense. As reflected in the police reports of the crime, petitioner and his codefendant were driving a car matching the description of the car involved in the robberies. When police attempted to pull the car over, petitioner and his codefendant fled. The police initiated a collision, after which petitioner fled on foot, disposing of a lady's wallet in the trash. When he was arrested, petitioner was carrying a large amount of cash.[2] In spite of this evidence, petitioner secured a plea agreement limiting his sentence to 9-15 years' imprisonment. In light of the fact that petitioner faced three armed robbery charges and two firearms offenses, and sentencing as an habitual offender, if he were convicted after trial, petitioner's plea agreement significantly lowered his sentencing exposure. In light of the evidence, petitioner's failure to support his alibi claim, and this significant reduction in petitioner's sentencing exposure, petitioner has failed to show a reasonable probability that, but for counsel's allegedly deficient performance, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on these claims.

E.    *Sentencing Claims*

Petitioner also contends that his sentence was invalid because the trial court improperly scored the sentencing guidelines and because the sentence was based on inaccurate information. These claims are without merit. Because petitioner agreed to a particular sentence as part of his plea agreement, any scoring of the guidelines was irrelevant to petitioner's sentence and any inaccurate information in the presentence report did not form a basis for his sentence. Rather, his sentence

---

[2]In his court of appeals brief, petitioner did not contend that he had a viable alibi defense with respect to the robbery of Salameh. On the contrary, petitioner conceded that he was involved in the robbery of Salameh, but contended that this robbery was unarmed.

arose from the plea agreement, and not from any determinations regarding sentencing factors. *Cf. United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005) (alleged *Booker* error in court scoring sentencing guidelines was irrelevant where defendant agreed to specific sentence, and thus his sentence arose from the plea itself and not the guidelines); *Dorie v. Phillips*, No. 1:07-cv-1195, 2010 WL 1258234, at *7 (W.D. Mich. Mar. 8, 2010) (where petitioner agreed to applicable guideline range as part of plea agreement, counsel was not ineffective in failing to object to scoring of the guidelines), *magistrate's report adopted*, 2010 WL 1258233 (W.D. Mich. Mar. 30, 2010). Thus, petitioner is not entitled to habeas relief on these claims.

F.    *Recommendation Regarding Certificate of Appealability*

    1.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial

11

showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.""" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id*., advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Here, if the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability.

Because petitioner has failed to support his claim that there existed witnesses whose testimony would have provided an alibi, and because there is nothing to suggest that petitioner would have insisted on going to trial had counsel located these purported witnesses, the resolution of petitioner's plea claims is not reasonably debatable. Further, because the information in the presentence report and the scoring of the guidelines was irrelevant to petitioner's sentence in light of the agreed-upon sentence in the plea agreement, the resolution of petitioner's sentencing claims is not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

G. *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health*

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 6/11/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on June 11, 2010.
>
> s/Eddrey Butts  
> Case Manager